JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 21-1923 JGB (KKx)** | Date | February 24, 2022 |
|---|---|---|---|
| Title | *Chasmine Shaw v. Kaiser Health Foundation Plan* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):        Attorney(s) Present for Defendant(s):

None Present                                                     None Present

**Proceedings:** Order (1) GRANTING Plaintiff's Motion for Remand (Dkt. No. 11); and (2) VACATING the February 28, 2022 Hearing (IN CHAMBERS)

Before the Court is Motion for Remand filed by Plaintiff Chasmine Shaw ("Plaintiff" or "Ms. Shaw"). ("Motion," Dkt. No. 11.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court GRANTS the Motion and VACATES the February 28, 2022 hearing.

## I.   BACKGROUND

On May 12, 2021, Ms. Shaw filed a class action complaint in the Superior Court of the State of California for the County of Riverside against Defendant Kaiser Foundation Health Plan ("Defendant" or "Kaiser"). (Dkt. No. 1-1, ¶ 2.) She did not serve the first complaint on Kaiser. (Id.) On August 8, 2021, Ms. Shaw filed an amended complaint. ("FAC," Dkt. 1-1, Ex. 1.) The FAC alleges ten causes of action: (1) failure to pay overtime in violation of Cal. Labor Code §§ 510, 1194, and 1198; (2) failure to pay wages for all hours worked in violation of Cal. Labor Code §§ 1194, 1197, 1197.1, and 558; (3) failure to provide meal periods or proper premiums in violation of Cal. Labor Code §§ 226.7 and 512; (4) failure to provide rest periods in violation of Cal. Labor Code §§ 226.7 and 512; (5) failure to provide accurate itemized wage statements; (6) failure to pay wages due; (7) failure to reimburse business expenses; (8) failure to pay wages upon termination of employment; (9) unlawful competition and unlawful business practices under California's Unfair Competition Law Bus. & Prof. Code § 17200 et seq.; and (10) violation of

Private Attorneys General Act ("PAGA"). (FAC.) On October 12, 2021, Ms. Shaw served the FAC on Kaiser. ("Removal," Dkt. No. 1.)

On November 11, 2021, Kaiser removed the action to federal court alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331 and § 301 of the Labor Management Relations Act ("LMRA"). (Removal.) Ms. Shaw moved to remand on December 13, 2021. ("Motion," Dkt. No. 11.) Kaiser opposed on January 10, 2022. ("Opp.," Dkt. No. 14.) Ms. Shaw replied on January 18, 2022. ("Reply," Dkt. No. 22.)

Kaiser moved to strike the class allegations and/or dismiss the complaint on December 17, 2021.[1] (Dkt. No. 12.) Ms. Shaw opposed on January 10, 2022. (Dkt. No. 15.) Kaiser replied on January 14, 2022. (Dkt. No. 18.)[2]

## II.   LEGAL STANDARD

Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant…to the district court[.]" 28 U.S.C. § 1441(a). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32 (2002) (quotations omitted). Where Congress acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction. See id. "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (quotations omitted); Abrego Abreao v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remand to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

## III.   DISCUSSION

Kaiser asserts that this Court has jurisdiction over the action because Ms. Shaw's union has a Collective Bargaining Agreement ("CBA") with Kaiser. (Removal). Kaiser argues that as a result of the CBA, Ms. Shaw's overtime claim is preempted by the LMRA.

Section 301 of the LMRA vests federal courts with jurisdiction to hear actions "for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce…without respect to the amount in controversy or without regard to the citizenship of parties." 29 U.S.C. § 185(a). The Supreme Court held that "[section] 301

---

[1] The Court's decision on the Motion for Remand moots Kaiser's motion.

cannot be read broadly to preempt nonnegotiable rights conferred on individual employees as a matter of state law[.]"  Livadas v. Bradshaw, 512 U.S. 107, 123 (1994).  Expansion of section 301 preemption beyond its defined role "would be inconsistent with congressional intent[.]"  Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 212 (1985).  For this reason, "[s]etting minimum wages, regulating work hours and pay periods, requiring paid and unpaid leave, protecting worker safety, prohibiting discrimination in employment, and establishing other worker rights remains well within the traditional power of the states, and will naturally result in labor standards that affect workers differently from one jurisdiction to the next, even when those workers fall under a single labor agreement."  Alaska Airlines Inc. v. Schurke, 898 F.3d 904, 919-920 (9th Cir. 2018) (en banc); see Kobold v. Good Samaritan Regional Medical Center, 832 F.3d 1024, 1032 (9th Cir. 2016) ("Critically, not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is preempted by [section] 301.") (internal quotations omitted).

In the Ninth Circuit, courts engage in a two-step inquiry to analyze preemption of state law claims.  Kobold, 832 F.3d at 1032.  "First, a court must determine whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA.  If the right exists solely as a result of the CBA, then the claim is preempted, and [the] analysis ends there."  Id. at 1032 (quotations omitted).

 "By contract, claims are not simply CBA disputes by another name, and so are not preempted under the first step, if they just refer to a CBA-defined right, rely in part on a CBA's terms of employment, run parallel to a CBA violation, or invite use of the CBA as a defense[.]"  Alaska Airlines, 898 F.3d at 921 (citations omitted).

If the right underlying the claim exists independently of the CBA, the court proceeds to the second step of the analysis.  Dent v. Nat'l Football League, 902 F.3d 1109, 1116 (9th Cir. 2018).  At this stage, the court must "decide whether the claim can be resolved by looking to versus interpreting the CBA."  Burnside, 491 F.3d at 1060 (internal quotation marks omitted).  When a state law claim can be resolved without interpreting the CBA itself, there is no section 301 preemption.  Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 409-10.

On the other hand, if a state law claim is "substantially dependent" on an interpretation of the CBA, section 301 preemption applies.  Caterpillar, 482 U.S. at 394.  Interpretation in this context is "defined narrowly—it [requires] something more than [to] 'consider,' 'refer to,' or 'apply.'"  McCray v. Marriott Hotel Servs., 902 F.3d 1005, 1011 (9th Cir. 2018).  Section 301 preemption is not triggered when there is no "active dispute over the meaning of contract terms."  Dent, 902 F.3d at 1116; see Livadas v. Bradshaw, 512 U.S. 107, 124 (1994).  The consultation of the CBA for a "purely factual inquiry" or to "calculate damages or ascertain that an issue is not addressed by the CBA" does not satisfy the interpretation requirement for preemption purposes.  Dent, 902 F.3d at 1117; see Lingle, 486 U.S. at 412 n.12 (no preemption where "a collective-bargaining agreement may…contain information…that might be helpful in determining the damages to which a worker prevailing in a state-law suit is entitled.").

A.  **Overtime Claim**

　　1.  <u>**Burnside**</u> **Step One**

Kaiser contends that Ms. Shaw's overtime claim is preempted "under both prongs of the <u>Burnside</u> test in that it (1) is based upon the governing CBA, and (2) requires interpretation of the CBA." (Removal ¶ 9.) Kaiser argues that because the CBA meets the threshold requirements of California Labor Code section 514, Ms. Shaw's overtime claim arises solely out of the CBA and is therefore preempted under the first step of the LMRA preemption analysis. The Court is unconvinced.

Kaiser primarily relies on <u>Curtis v. Irwin Indus., Inc.</u>, 913 F.3d 1146 (9th Cir. 2019) to support its argument. In <u>Curtis</u>, a plaintiff brought overtime claims under section 510. <u>Id.</u> at 1153. The Ninth Circuit concluded that California "deemed it appropriate to allow unionized employees to contract around section 510(a)'s requirements by bargain[ing] over not only the **rate** of overtime pay, but also **when** overtime pay will begin." <u>Id.</u> at 1153 (internal quotations omitted) (emphasis in original). "[W]hen such a bargain has been struck, courts look to the CBA to determine the definition of overtime." <u>Id.</u> at 1155. Thus, "if [the plaintiff's] CBAs in this case meet the requirements of section 514, [the plaintiff's] right to overtime 'exist solely as a result of the CBA,' and there is preempted under [section] 301." <u>Id.</u> at 1154. Since the Ninth Circuit determined the CBA in <u>Curtis</u> satisfied section 514's requirements, the LMRA preempted the claim. <u>Id.</u> at 1155.

The first question is whether Ms. Shaw's CBA complies with section 514. If it does, her right to overtime "exists solely as a result of the CBA," <u>Kobold</u>, at 1032, and her "claim fails at step one of the preemption analysis," <u>Curtis</u>, at 1155.

Under section 514, a valid collective bargaining agreement must:

> [E]xpressly provide[ ] for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

Cal. Labor Code § 514.

Ms. Shaw does not appear to challenge whether the CBA qualifies under section 514 because she argues that her claims are independent of the CBA. However, Kaiser's Removal Notice and Opposition present contradictory arguments which inadvertently bear directly on whether the CBA qualifies for section 514 exemption. In its Opposition, Kaiser highlights the CBA's "robust provisions regarding calculation and payment of overtime wages, only some of which track the overtime rules of the Labor Code." (Opp. at 4.) In the list, Kaiser includes that

under the CBA, "[a]n employee is paid overtime based on his or her base hourly rate" **not** his or her "**regular rate of pay as contemplated by Labor Code section 510**." (Id.) (internal quotations omitted). However, in its Removal Notice asserting federal question jurisdiction under section 301 of the LMRA, Kaiser maintained that the action was preempted because the CBA met all section 514 requirements, including an "regular hourly rate" provision. (Removal Notice at 6.)

The party seeking the Court's subject matter jurisdiction carries the burden to establish jurisdiction and, moreover, section 514 is an affirmative defense to be utilized by the employer, which has the burden to prove the exemption. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936))  Kaiser fails to meet its burden to establish that the CBA provides a regular hourly rate of pay of not less than 30 percent more than the minimum wage.

Because the CBA fails to satisfy all of section 514's requirements, Ms. Shaw's section 510 overtime claims are not preempted at this stage, and step two analysis is required. See Huffman v. Pac. Gateway Concessions LLC, 2019 WL 2563133, *6 (N.D. Cal. June 21, 2019).

2. **Burnside** Step Two

The Court determines whether Ms. Shaw's overtime rights are substantially dependent on analyzing the CBA in the second step of the analysis. See Curtis, 913 F.3d at 1153 (quoting Kobold, 832 F.3d at 1033).  Kaiser insists that in order for the Court to determine whether Ms. Shaw and the putative class members are owed overtime wages, it must "interpret several CBA provisions governing overtime rates, hours worked, the day of the week worked and whether an employee waived his or her overtime." (Opp. at 13.)

At the second step of the preemption analysis, "interpretation" is construed narrowly: "it means something more than 'consider,' 'refer to,' or 'apply.' Curtis, 913 F.3d at 1153; Kobold, 832 F.3d at 1044 (quoting Balcorta v. Twentieth Century Fox Film Corp., 208 F.3d 1102, 1108 (9th Cir. 2000)). Ms. Shaw is correct that claims can be resolved "with reference to paystubs, timecards, activity data and pay rate charts." (Reply at 6.)  Even if the CBA is used as a reference in determining damages, that is "insufficient to show that a claim is substantially dependent on the CBA." See Schurke, 898 F.3d at 920, 921-22 (quoting Livadas, 512 U.S. at 125).  Her claims seek vindication of state wage and hour laws, not wage rates negotiated in the CBA.

Further, a court would not have to look to the CBA to determine whether an employee waived their overtime because any such waiver is unenforceable.  In its Opposition, Kaiser underscores that under the CBA, "[e]mployees who work 6 or 7 consecutive days due to rearrangement of a work schedule at the employee's request may waive their right to overtime…Such waivers are invalid under the Labor Code. See Cal. Lab. Code § 1194." (Opp. at 4) (internal quotations omitted).

The referenced CBA provision reads:

> Sixth and Seventh Day Exceptions
>
> Where a sixth (6th) or seventh (7th) workday application occurs due to a rearrangement of a work schedule at the employee's request, such overtime may be waived by mutual written agreement between the employee and the employee's supervisor, **provided there is no conflict with applicable Wage and Hour laws.**

CBA at 24 (emphasis added).

However, under California law, "employees may not agree to waive their [rights under section 1194], nor may a collective bargaining agreement waive [those rights]." Gutierrez v. Brand Energy Services of California, Inc., 50 Cal. App. 5th 786, 800 (2020) (citing Flowers v. Los Angeles County Metropolitan Transportation Authority, 243 Cal. App. 4th 66, 82 (2016)); see Hoover v. American Income Life Ins. Co., 206 Cal. App. 4th 1193, 1208 (2012) (rights accorded by section 1194 "may not be subject to negotiation or waiver").

Even if the Court were to assume the validity of this provision, it would still be inapplicable to Ms. Shaw's allegations, since it would only control "provided there [were] no conflict with applicable Wage and Hour laws." The FAC alleges that there **is** a conflict between the "Sixth and Seventh Day Exceptions" provision and California Wage and Hour laws. (See FAC ¶ 41.) The CBA specifically excludes those allegations from its scope. Thus, Ms. Shaw's overtime claim arises from state law.

Because Kaiser has not shown that preemption is warranted under either step one or step two, Ms. Shaw's claim for overtime pay is not preempted by LMRA section 301.

## B. Remaining Claims

In addition to failure to pay overtime, Ms. Shaw alleges that Kaiser failed to provide rest breaks, accurate wage statements, and wages due at termination, among other claims. Kaiser requests the Court exercise supplemental jurisdiction over the remaining allegations. Because Kaiser has not met its burden to show that Ms. Shaw's overtime claim is preempted by the LMRA, this Court lacks subject matter jurisdiction over this action and cannot exercise supplemental jurisdiction over Ms. Shaw's remaining claims. See Moore v. Aramark Unif. Servs., LLC, 2018 WL 701258, *5 (N.D. Cal. Feb. 5, 2018).

## IV. CONCLUSION

For the reasons above, the Court **GRANTS** the Motion and **REMANDS** to the Superior Court of the State of California for the County of Riverside. The February 28, 2022 hearing is VACATED.

The Clerk is directed to close the case.

**IT IS SO ORDERED.**